*E-FILED - 1/15/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISAAC NICHOLAS, | ) | No. C 08-4082 RMW (PR) |
| Petitioner, | ) ) | ORDER OF DISMISSAL; DENYING EMERGENCY EX-PARTE APPLICATION AND MOTION TO ENFORCE AND/OR MODIFY INJUNCTIVE ORDER |
| vs. | ) ) ) ) | |
| DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| Respondents. | ) ) | (Docket No. 7) |

On August 26, 2008, petitioner, a state prisoner proceeding pro se, filed a "Notice of Appeal" from a final judgment issued by the Supreme Court of California. The clerk construed petitioner's pleading as a 28 U.S.C. § 2254 petition. However, upon further review, the court was unable to determine exactly what petitioner was challenging. In the petitioner, petitioner mentioned a California statute regarding the transfer of prisoners to other facilities, however, the court could not fairly evaluate the petition in its present state, nor could the court be certain that petitioner intended to file a 28 U.S.C. § 2254 petition at all. As a result, on September 30, 2008, the court issued an order dismissing the petition with leave to amend, directing petitioner to re-file either an amended petition or an original complaint pursuant to 42 U.S.C. § 1983, and clearly

1  state his grounds for relief.

2  On October 31, 2008, petitioner instead filed an "Emergency Ex-Parte Application
3  Notice of Motion and Motion to Enforce and/or Modify U.S. District Court for the N.D. of
4  California's Injunctive Order(s) in the 'Plata Action', [sic] No. C01-1351 TEH."  Petitioner
5  stated that he had not received any blank forms on which to re-submit his claims and instead
6  filed the emergency motion so as to continue prosecuting the case.  On December 16, 2008,
7  petitioner submitted a response to the court's order granting him an extension of time to file an
8  amended petitioner or complaint, and in his response, petitioner stated that he "found it
9  absolutely impossible to fill in all the required information in the space provided on the form."
10 As an alternative, petitioner requested the court to instead rule on his emergency motion.  For the
11 reasons stated below, the court DENIES petitioner's Emergency Motion and DISMISSES this
12 action.

13 A.     Emergency Motion

14 Petitioner requests the court to enforce or modify an injunctive order issued in the class
15 action suit, Plata, et. al., v. Schwarzenegger, et. al, 01-cv-01351-TEH ("Plata case").  Petitioner
16 claims that he is a plaintiff in the Plata case, however, a review of his pleadings in the underlying
17 case and the docket sheet in the Plata case reveal that he is not listed as a plaintiff or party in that
18 case.  Further, it is unclear exactly what injunction order petitioner wishes the court to enforce or
19 modify as the Plata case is still pending, and there have been more than one stipulated injunction
20 orders issued over the years.

21 It appears that petitioner alleges he has been illegally transferred to an out-of-state prison
22 against his will while he has a serious medical condition, in violation of California Penal Code
23 § 11191. To the extent petitioner's claim is being considered in the Plata case, individual suits
24 for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be
25 brought where there is a pending class action suit involving the same subject matter.  McNeil v.
26 Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th
27 Cir. 1988) (en banc).  "Individual members of the class and other prisoners may assert any
28

equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." Id.

To the extent plaintiff wants relief from the Plata case class action, he may write to the Plata Receiver at 501 J Street, Suite 605, Sacramento, CA 95814. Accordingly, petitioner's emergency motion is DENIED.

B.       Petition for Writ of Habeas Corpus

Liberally construing petitioner's submitted pleadings, the court believes that petitioner is attempting to challenge (1) his out-of-state transfer while he suffers from a serious medical condition and (2) medical staff's deliberate indifference to his serious medical needs. Such claims address conditions of confinement.

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas proceedings. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). The preferred practice in the Ninth Circuit has been that challenges to conditions of confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

Accordingly, the court will dismiss the instant habeas action without prejudice because petitioner's claims do not challenge the duration or legality of his confinement or sentence under § 2254. Instead, petitioner's claims challenge the conditions of his confinement. Accordingly, petitioner's claims are more appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. § 1983.

**CONCLUSION**

The instant petition for writ of habeas corpus is DISMISSED without prejudice. Petitioner may re-file his claims in a new action under a civil rights complaint pursuant to 42 U.S.C. § 1983 on the blank form previously provided to him. Petitioner shall include any supporting documentation of his prison appeal with his new complaint as the instant case will be closed.

Petitioner's emergency application and motion to enforce and/or modify injunctive order (docket no. 7) is DENIED.

The clerk shall close the file.

IT IS SO ORDERED.

DATED: 1/13/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge